DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MARY BROWN,**

                **Plaintiff,**              **Civil Action**

**v.**                                  **No. 07-2556-JWL-DJW**

**YELLOW TRANSPORTATION, INC.,**

                **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Strike Amended Complaint, or in the Alternative, to Modify Order of January 25, 2008 (doc. 9), filed by Defendant Yellow Transportation, Inc. ("Yellow Transportation") and former Defendant YRC Worldwide, Inc. ("YRC") (collectively referred to as "Movants"). Movants assert that the Court's January 25, 2008 Order (doc. 6) improperly allowed Plaintiff to "substitute" Yellow Transportation for YRC and that the Amended Complaint filed pursuant to the Court's Order should therefore be stricken. In the alternative, Movants assert that the Court's Order should be modified to deny Plaintiff's request to "substitute" Yellow Transportation for YRC, but still allow Plaintiff to remove YRC from the action and add Yellow Transportation as a defendant, pursuant to Federal Rule of Civil Procedure 21. For the reasons set forth below, the Court denies the motion.

## I.   Nature of the Matter Before the Court and Background Information

Plaintiff filed her initial Complaint (doc. 1) against YRC on November 21, 2007. She sued YRC for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. 2000e, and the Pregnancy Discrimination Act, alleging that YRC was her employer at all relevant times.[1]

YRC filed its Answer to the Complaint on January 24, 2008 (doc. 4) and denied that it had ever been Plaintiff's employer.  Plaintiff's counsel and counsel for Movants conferred regarding Plaintiff amending the Complaint to name Yellow Transportation as the proper defendant.  Plaintiff contends that Movants' counsel agreed that Plaintiff could "substitute" Yellow Transportation for YRC.

On January 25, 2008, Plaintiff filed a motion entitled "Plaintiff's Unopposed Motion to Substitute Party and File First Amended Complaint" (doc. 5).  In her motion, Plaintiff moved "pursuant to Fed. R. Civ. P. 21 and Fed. R. Civ. P. 15(a) . . . for an Order permitting her to substitute Yellow Transportation, Inc. as the Defendant in the above-captioned matter, and to file Plaintiff's First Amended Complaint . . . to accomplish the same."[2]  Plaintiff represented in her motion that YRC had no objection to the motion and that its counsel had agreed to accept service of an amended Complaint on behalf of Yellow Transportation.

The Court, on January 25, 2008, granted Plaintiff's motion as unopposed, ruling in a docket entry (doc. 6) that Plaintiff was "granted leave to file her First Amended Complaint, in which she substitutes Yellow Transportation, Inc. as the defendant in this case."[3]  The Court directed Plaintiff to file her Amended Complaint within five days of the date of the Order, which Plaintiff did.

---

[1]Compl. (Doc. 1), ¶ 2.

[2]Pl.'s Unopposed Mot. to Substitute Party and File First Am. Compl. (doc. 5) at p. 1.

[3]January 25, 2008 Order (doc. 6).

In the instant motion, Movants state that they never agreed that Yellow Transportation could be "substituted" for YRC, but only that Plaintiff could file an amended complaint removing YRC and adding Yellow Transportation.  Movants argue that the "substitution" of parties is allowed only under Federal Rule of Civil Procedure 25, but that the Rule is not applicable here.  Movants, however, do not object "to allowing Plaintiff to file an Amended Complaint under FRCP 21 adding or removing parties."[4]

Plaintiff argues that Movants' counsel agreed to the substitution, and that Movants' motion should therefore be denied.  She also argues that the issue of whether Yellow Transportation "was simply added or was substituted" for YRC "is a moot point anyway as the relation back doctrine of Fed. R. Civ. P. 15(c) clearly applies."[5]

In the event the Court agrees with Movants that Yellow Transportation can only be added as a defendant, and not substituted for YRC, Plaintiff requests that she be allowed to file an amended complaint naming both YRC and Yellow Transportation as defendants and alleging that they were her joint employers.  Movants do not respond directly to this request in their reply, but state that they have no objection to Plaintiff "filing an amended complaint under Rules 15 and 21, the stated rules under which Plaintiff premised her motion for leave to file her amended complaint."[6]

## II.    Discussion

The Court agrees with Movants that the "substitution" of Yellow Transportation was not authorized under Federal Rule of Civil Procedure 25.  Rule 25 provides for the substitution of a

---

[4]Mot. to Strike Am. Compl. or, in the Alternative, to Modify Order (doc. 9) at p. 1.

[5]Pl.'s Resp. to Mot. to Strike Am. Compl. or, in the Alternative, to Modify Order (doc. 11) at p. 2.

[6]Reply (doc. 12) at p. 1.

party only in four circumstances:  death, incompetency, transfer of interest, and death or separation

of public officers from office.[7]  As none of those circumstances was present here, Rule 25 was

inapplicable.

This, however, does not automatically mean that Plaintiff was barred from "substituting"

Yellow Transportation for YRC.  What Movants fail to recognize is that Plaintiff did not file her

motion to substitute pursuant to Rule 15.  Rather, Plaintiff filed her motion pursuant to Rule 21, and

she asked for leave to file an amended complaint containing the substitution pursuant to Rule 15(a).

Thus, the Court must determine whether substitution of a party under *Rule 21* is proper.  Although

none of the parties addresses this issue, it is clear that the Court must focus its analysis on the

propriety of substitution under Rule 21.

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms,

add or drop a party."[8]  Several courts have held that Rule 21 does not authorize substitution,

reasoning that Rule 21 never uses the word "substitution" as does Rule 25.[9]  This view, however,

---

[7]Fed. R. Civ. P. 25 (a), (b), (c) & (d).  *See also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1686 at p. 498 (3d ed. 2001) ("Rule 25 is a very specific provision and is limited to substitution made necessary by the death or incompetency of a party, or the transfer of a party's interest in the action, or because of the death or separation from office of a public official.").

[8]Fed. R. Civ. P. 21.

[9]*See, e.g.*, *Sable Commc'ns of Calif. Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 191 n. 13 (9th Cir. 1989) (observing that "[n]othing on the face of Rule 21 allows substitution of parties");*Fox v. Bd. of Tr. of State Univ. of N.Y.,* 148 F.R.D. 474, 484 (N.D. N.Y.) (substitution of one party for another "is simply not within the scope of Rule 21"); *Shapiro v. Md.*, 336 F.Supp. 1205,1208 (D. Md. 1972); *U. S. v. Swink*, 41 F.Supp. 98, 101 (E.D. Va. 1941); *Schwartz v. Metropolitan Life Ins. Co.,* 2 F.R.D. 167, 168 (D. Mass. 1941).

has been criticized as "an unduly narrow restriction of Rule 21,"[10] and many courts have held that substitution is proper under Rule 21.[11]  In fact, this Court in *Graham v. Thornburgh*,[12] expressly held that Rule 21 "empowers courts to add or *substitute* parties at various stages of litigation."[13]

In *Graham*, the Kansas Attorney General brought suit against the Kansas Secretary of State, challenging the constitutionality of the Kansas Legislature's Congressional redistricting plan.[14]  A three-judge panel of this District held that the Kansas Attorney General lacked standing to bring suit on behalf of voters; however, the panel held that an individual citizen who had intervened had standing to sue.[15]  The Court granted the defendant's request, brought pursuant to Rule 21, that the intervenor be substituted for the Kansas Attorney General.[16]  In ruling that substitution under Rule

---

[10]*In re Polo Builders*, 374 B. R. 638, 643 (Bkrtcy. N.D. Ill. 2007) (quoting *Nat'l Maritime Union of Am. v. Curran,* 87 F.Supp. 423, 426 (S.D. N.Y. 1949)).

[11]*See, e.g., Hackner v. Guar. Trust Co. of N. Y.*, 117 F.2d 95, 99 (2d Cir. 1941) (invoking Rule 21 to substitute a new plaintiff having a jurisdictionally sufficient claim, which would  allow the case to proceed without a new action having to be re-filed); *Canterbury v. Federal-Mogul Ignition Co.*, 483 F. Supp. 2d 820, 825-26 (S.D. Iowa  2007) (applying Rule 21 to allow for substitution of bankruptcy trustee for the plaintiff debtor); *Sheldon v. PHH Corp.,* No. 96 Civ. 1666(LAK), 1997 WL 91280, at *3 (S.D. N.Y. Mar. 4, 1997) (holding that Rule 21 allowed plaintiffs to substitute a new corporation for the named corporate defendant where plaintiff learned in discovery that it had sued the wrong corporate entity, and noting that Rule 21 is "the preferred method" for adding and dropping parties); *Polo Builders,* 374 B. R. at 643-45 (allowing substitution under Rule 21 of decedent's widow for the defendant decedent's estate).

[12]207 F.Supp. 2d 1280 (D. Kan. 2002) (three-judge panel) (emphasis added).

[13]*Id*. at 1284.

[14]*Id*. at 1282.

[15]*Id*. at 1283-84.

[16]*Id.* at 1284-85.

21 was proper, the Court relied on *Mullaney v. Anderson*,[17] in which the United States Supreme Court substituted two parties for the plaintiffs pursuant to Rule 21, rather than dismissing the action and requiring the two new plaintiffs to refile the same action.[18]

The Court sees no reason why a substitution of parties may not be made under Rule 21, in the interest of justice, in those situations that are not expressly covered by Rule 25.  As one court has noted, the distinction between "substituting" parties and "adding" or "dropping" "is largely a matter of semantics:  every so-called 'substitution,' after all, involves 'adding' one party and 'dropping' another."[19]

Based on the foregoing, the Court holds that Rule 21 was a proper vehicle under which Plaintiff could move to substitute Yellow Transportation for Defendant YRC.  While neither Yellow Transportation nor YRC may have expressly consented to substitution *under Rule 21*, it is clear that they agreed that YRC could be removed and Yellow Transportation added as a defendant.  This is precisely what was accomplished when the Court granted Plaintiff's motion.

In light of the above, the Court holds that Plaintiff was permitted to substitute Yellow Transportation for YRC pursuant to Rule 21, and that the Court's January 25 2008 Order (doc. 6) granting Plaintiff leave to substitute was proper.  Accordingly, the Court finds no reason to strike Plaintiff's Amended Complaint in which this substitution was accomplished and no reason to modify its January 25, 2008 Order.  Movants' motion is therefore denied.

---

[17]342 U.S. 415 (1952).

[18]*Id.* at 417.  The Supreme Court recognized that "Rule 21 will rarely come into play at this stage of a litigation" but granted the plaintiff's motion to substitute two new parties as plaintiffs on grounds that "[t]o dismiss the present petition and require the new plaintiffs to start over in the District Court would entail needless waste."  *Id.*

[19]*Polo Builders,* 374 B. R. at 643-44.

**IT IS THEREFORE ORDERED** that  the Motion to Strike Amended Complaint, or in the Alternative, to Modify Order of January 25, 2008 filed by Defendant Yellow Transportation, Inc. and former Defendant YRC Worldwide, Inc. (doc. 9) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 6th day of May 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties