**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MARY BROWN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| YELLOW TRANSPORTATION, INC. | )   Case No. 07-2556-JWL-DJW |
| | ) |
|        Defendant. | ) |

## AGREED PROTECTIVE ORDER

Upon joint motion by the parties (doc. 19) for entry of a protective order to ensure and maintain the confidentiality of personnel files, compensation information, disciplinary records, medical records, evaluation records and similar confidential records of persons who are not parties to this action, and which may be produced by either party in response to pretrial discovery requests or otherwise, and for good cause shown, it is hereby ORDERED:

1. This Protective Order shall govern any document marked or otherwise designated as "Confidential" by counsel that contains non-public and confidential information or records from the personnel files of Yellow Transportation, Inc. ("Yellow") current or former employees, or any other file that names or otherwise identifies them, which document is produced in response to any discovery requested or otherwise obtained through discovery by either party in this case.

2. All such Confidential documents, and the information contained in such documents, shall be treated as confidential by the parties and all persons covered by this Order, and shall be used solely for the prosecution or defense of this action.

3. Neither the parties nor anyone acting on the parties' behalf shall disclose any such Confidential documents or information contained in any such document in any manner whatsoever, except as provided herein. Further, disclosure shall not be made to any individual unless and until the parties or counsel for the parties have first presented to such individual a copy of this Protective Order and an Agreement to be Bound by the Protective

Order ("Agreement"), attached hereto as Exhibit A, and the individual has executed the Agreement. All such individuals shall be bound by the terms of the Protective Order and shall not permit disclosure or exhibition of the Confidential documents, or information contained in such documents, other than pursuant to the terms of the Protective Order.

4. If a party intends to use any document or information covered by this Order for purposes of pleadings, briefs, or any other documents to be filed with the Court, the disclosing party shall first be given an opportunity to indicate to the filing party that the document should be filed under seal with the Clerk of the Court, and provide a factual basis for the document being placed under seal. If the disclosing party so indicates, and provides a factual basis for doing so, the filing party shall move the Court to file the documents under seal with the Clerk of the Court and be granted leave to do so, or be subject to such further restrictions on their subsequent availability as the Court may direct.

5. Either party may consent that a document produced pursuant to discovery may be removed from the scope of this Protective Order. Such consent shall be indicated in writing addressed to counsel for the other party.

6. If either party considers a document designated as Confidential not to be Confidential and desires the removal of such designation, either party or counsel for either party shall discuss the matter with counsel for the other party to ascertain if confidentiality may be lifted or narrowed by agreement. If agreement cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

7. Nothing in this Protective Order shall be construed to prevent the counsel for either party from disclosing such Confidential documents, and the information contained in such documents, to persons assisting in the preparation or presentation of the party's case, or from exhibiting any such documents or confidential information to said persons assisting counsel or to deponents during the course of their depositions, or to court reporters, judges, mediators conducting a mediation in the case, court personnel and members of the jury. Nothing in this Protective Order shall prevent Defendant Yellow from using for any other

business purpose of Yellow the documents or the information contained therein which it produces to Plaintiff.

8. If a disclosing party inadvertently produces privileged or trial preparation materials, the disclosing party will notify the requesting party of such disclosure and provide the requesting party with a privilege list pursuant to FRCP 26(b)(5)(A). After receipt of such list, the requesting party shall return all information and copies and may not use or disclose this information until the claim of privilege or protection is resolved. The parties also agree to a "claw back" agreement whereby if materials are disclosed without intent to waive privilege or trial preparation protection such privilege or protection is not waived and such materials are to be returned to the responding party and not used or disclosed once the responding party identifies the materials mistakenly produced and provides the requesting party with a privilege list pursuant to FRCP 26(b)(5)(A), until the claim of privilege or protection is resolved.

9. It is understood that no copies shall be made of Confidential documents produced by either party unless necessary in connection with this litigation.

10. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of this Protective Order, unless required by law or Court Order.

IT IS THEREFORE ORDERED that the Parties' Joint Motion for Protective Order (doc. 19) is granted.

Dated this 3rd day of September, 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

**Exhibit A**

**STATEMENT AND NONDISCLOSURE AGREEMENT**

I, _____, have read and understand the terms of the Stipulated Protective Order ("Protective Order") entered in *Mary Brown v. Yellow Transportation, Inc.*, in the United States District Court for the District of Kansas, Case No. 07-2556-JWL ("Action"). I agree to comply with and be bound by the terms and conditions of the Protective Order unless and until it is modified by a subsequent Order of the Court or by written agreement of the Parties. I consent to the jurisdiction of the Court in the Action for purposes of enforcing the Protective Order.

Upon being informed by counsel for the Party who provided me with any documents or materials that constitute Confidential Information (as that term is defined in the Protective Order) that the Action has concluded, I agree to return all such Confidential Information, all copies and summaries thereof, and/or any written comments within fifteen (15) days of such notification to that counsel for further disposition consistent with the terms of the Protective Order.

Dated:_____

_____
Signature

_____
Printed Name