**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MARY BROWN                        )
                                  )
        Plaintiff,                )
                                  )
vs.                               )     Case No.: 07-2556-EFM
                                  )
YELLOW TRANSPORTATION, INC.)
                                  )
        Defendant.                )

**PROPOSED JURY INSTRUCTIONS**

**INSTRUCTION NO.\_\_**

This instruction sets forth Plaintiff Mary Brown's claim against Defendant Yellow Transportation, Inc. as well as defendant's denial of plaintiff's claim and certain defenses asserted by defendant. Plaintiff's claim, defendant's denial of the claim, and defendant's asserted defenses, described below, are not evidence and you should not consider them as evidence. They simply explain the nature of the parties' dispute.

Plaintiff was offered a Human Resource Specialist job by Defendant. After receiving the offer, plaintiff disclosed to defendant she was three months pregnant, and asked if taking six weeks of unpaid leave in May 2007 for the birth of her child would be a problem. Plaintiff claims she did not receive a response from defendant on the issue and she accepted the job before the established deadline.

Plaintiff started her employment with defendant on December 4, 2006 and claims she was not provided with the same training process as prior specialists. Approximately three weeks later, plaintiff claims she was informed by defendant she was not picking up the training and was resistant to "the Yellow way." Plaintiff alleges that on January 15, 2007, plaintiff's supervisor and the head of the department informed plaintiff she was not picking up on the training and was terminated. Plaintiff must prove her claims by a preponderance of the evidence.

Defendant denies plaintiff's allegations. Specifically, defendant asserts plaintiff was terminated for legitimate non-discriminatory reasons, including plaintiff's failure to engage in defendant's training process and because of plaintiff's failure to grasp the basics of the job for which she was hired.

3

## INSTRUCTION NO. —

Your verdict must be for plaintiff and against defendant on plaintiff's pregnancy discrimination claim if all the following elements have been proved by a preponderance of the evidence ("it is more likely true than not"):

1. Defendant terminated plaintiff;

2. Plaintiff's pregnancy was a motivating factor in defendant's decision to terminate plaintiff.

If either of the above elements has not been proved, your verdict must be for defendant and you need not proceed further in considering this claim.

*O'Malley, Grenig and Lee, Federal Jury Practice and Instructions,* § 171.20, (5th ed. 2001) (modified).

## INSTRUCTION NO. —

In showing that her pregnancy was a motivating factor in defendant's decision to terminate her employment, plaintiff does not need to show that it was the sole or primary motivation, but only that defendant acted at least, in part, because of plaintiff's pregnancy.

A "motivating" factor means that but for its unlawful motive, defendant would not have terminated plaintiff. In other words, you must find that plaintiff's pregnancy was at least one of the factors which motivated defendant to terminate plaintiff's employment. A motivating factor need not be the sole or exclusive reason, however, for defendant's actions.

While plaintiff must show that defendant intentionally discriminated against her, she is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts and may be inferred from showing that defendant's explanation is unworthy of belief.

If you find that defendant's stated reasons for terminating plaintiff's employment are not the true reasons why defendant terminated plaintiff's employment or that they are inconsistent, implausible or otherwise unworthy of belief, you may — but are not required to — find that the stated reasons are a pretext to hide defendant's intent to discriminate. In that event, you may conclude that plaintiff's pregnancy was a motivating factor in defendant's decision to terminate plaintiff's employment.

You must also consider any legitimate, nondiscriminatory reason or explanation stated by defendant for its decision. If you determine that defendant has stated such a reason, then you must decide in favor of defendant unless plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for defendant's discriminating against plaintiff because of plaintiff's pregnancy.

*O'Malley, Grenig and Lee*, *Federal Jury Practice and Instructions*, § 171.77, (5th ed. 2001)

*Hampton v. Dillard Dept. Stores, Inc*., 247 F.3d 1091, 1111 (10th Cir. 2001) (substantially quotes from instruction approved by 10th Circuit: "The instruction properly stated that the plaintiff bears the burden of establishing that race was a motivating factor in the defendant's decision to discriminate.").

*Tolle v. American Drug Stores, Inc. et al.*, (Case No. 05-CV-2 191 -KHV) (substantially quotes from instruction given in this case).

## INSTRUCTION NO. —

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful. You should be mindful that the law requires only that employers not engage in unlawful discrimination or retaliation. An employer may discipline or terminate an employee for any other nondiscriminatory reason, good or bad, fair or unfair, and you should not second guess that decision.

In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant, unless you find that defendant's reason was a pretext for discrimination.

Furthermore, an employer's exercise of erroneous or even illogical business judgment does not constitute pretext. Pretext requires a showing that the tendered reasons for the employment decision is not the genuine motivating reason, but rather is a disingenuous or sham reason. A true motivating reason is not made pretextual merely because, from the benefit of hindsight, it turned out to be poor business judgment.

*Wirtz v. Kansas Farm Bureau Services, Inc*., (Case No. Ol-2436-KGS) (same instruction).

**INSTRUCTION NO. —**

An employer has the right to terminate an employee for good reasons, bad reasons or no reasons at all so long as such a decision is not motivated by the employee's protected status, such as pregnancy.

*8th Cir. Civil Jury Instr.* 5.94 (2005)(modified); *Furr v. Seagate Tech., Inc.*, 82 F.3d 980, 988 (10th Cir. 1996); *Aquilino v. University of Kansas*, 83 F. Supp. 2d 1248, 1258 (D. Kan. 2000) (Vratil, J.)

**INSTRUCTION NO. —**

If you find that defendant is liable under Instruction No. —, you will determine the amount of plaintiff's recovery. You should allow plaintiff such amount of money (such as lost wages and lost benefits) as will fairly and reasonably compensate her for any damages which were proximately caused by defendant's unlawful conduct.

You may also allow plaintiff any compensatory damages shown by the evidence, including emotional pain and suffering, inconvenience, mental anguish or humiliation which plaintiff suffered as a result of defendant's unlawful conduct. For the purpose of determining damages, inconvenience is defined as serious hardship or injustice. You may not award damages for mere vexation or annoyance. As for such items as mental anguish and humiliation, the Court cannot give you any unit value or mathematical formula. No evidence of monetary value of such intangible things as pain and suffering has been, nor needs to be, introduced into evidence.

The burden is on plaintiff to prove by a preponderance of the evidence the existence and amount of her damages and the fact that they were proximately caused by defendant's unlawful acts. You should award such sum as will fairly and adequately compensate plaintiff. The amount to be awarded rests within your sound discretion.

In determining the amount of damages, if any, you should base your determination on the evidence in this case and not on speculation. You should neither add to nor subtract from any award of damages on account of federal income tax or on account of any consideration of plaintiff's contract with her attorney for attorney's fees. These matters are for the Court to decide.

***Tolle v. American Drug Stores, Inc. et al.***, (Case No. 05-CV-2 191 -KHV) (substantially the same instruction).

**INSTRUCTION NO. —**

If you find that plaintiff is entitled to a verdict under Instruction No. —, but do not find that she has sustained substantial actual damages, then you may return a verdict for plaintiff in some nominal sum, such as one dollar in the way of actual damages.

***Tolle v. American Drug Stores, Inc. et al***., (Case No. 05-CV-2 191 -KHV) (same instruction).

## INSTRUCTION NO. —

If you find for plaintiff on her Title VII claim, you may, but are not required to, award punitive damages in order to punish defendant for any extraordinary misconduct. Punitive damages are in addition to the damages previously mentioned. Punitive damages are not intended to compensate a plaintiff for injuries, but rather are intended to punish a defendant and to serve as an example or warning to a defendant and others not to engage in such conduct.

In order to award punitive damages to plaintiff, you must find by a preponderance of the evidence that defendant acted with malice or reckless indifference to plaintiff's federally protected right to be free from pregnancy discrimination.

"Malice" or "reckless indifference" exists if plaintiff proves an employer discriminated in the face of a perceived risk that its actions violate federal law.

Punitive damages must bear a reasonable relationship to plaintiff's actual injury. However, no single numerical equation easily links punitive damages to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all the relevant factors, including: (1) the nature of defendant's conduct under the totality of the circumstances; (2) the frequency of the defendant's conduct (and any intentional concealment of it); (3) how reprehensible defendant's conduct was toward plaintiff; (4) defendant's attitude and conduct upon discovery of the misconduct; (5) what amount of punitive damages, in addition to the compensatory damages already awarded, is needed, considering the defendant's financial condition, to punish defendant for its wrongful conduct toward plaintiff and to deter defendant and others from similar wrongful conduct in the future; (6) whether the amount of punitive damages bears a reasonable relationship to the compensatory damages award.

Any award of punitive damages must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

You should not consider the fact that I have instructed you about the proper measure of punitive damages as an indication of my views regarding your verdict in this case. That is entirely for you, the jury, to decide. I am giving you instructions about damages solely to provide you with guidance if you should find punitive damages appropriate.

***Kolstad v. American Dental Ass'n***, 527 U.S. 526, 536 (1999) ("an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages.")

***Karnes v. SCI Colorado Funeral Services, Inc***. 162 F.3d 1077, 1083 (l0th Cir. 1998) ("The preponderance of the evidence standard constitutes a conventional rule of civil litigation that governs [Title VII punitive damages] claims.")

***Chavez v. Thomas & Betts Corp***., 396 F.3d 1088, 1097 (10th Cir. 2005) ("T & B next argues insufficient evidence exists to support the jury's award of punitive damages under Title VII. Punitive damages are available under Title VII if the plaintiff proves an employer engaged in intentional discrimination 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.' 42 U.S.C. § 198 la(b)(l). 'Malice' or 'recklessness' exists if a plaintiff proves an employer discriminated 'in the face of a perceived risk that its actions [would] violate federal law.' *Kolstad v. American Dental Assoc*., 527 U.S. 526, 536, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999).")

***Jones v. United Parcel Service, Inc***., 658 F.Supp.2d 1308, 1323 (D.Kan. 2009) ("[Instruction No. 20] stated that the following factors were to be considered by the jury in assessing the amount of punitive damages: (1) the likelihood at the time of defendant's misconduct that serious harm would result; (2) the degree of defendant's awareness of that likelihood; (3) the duration of the misconduct (and any intentional concealment of it); (4) defendant's attitude and conduct upon discovery of the misconduct; and (5) defendant's financial condition. Instruction No. 20 further specifically stated: 'Any award of punitive damages must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.'")

***Tolle v. American Drug Stores, Inc. et al***., (Case No. 05-CV-2 191 -KHV) (substantially same instruction).

12

**INSTRUCTION NO. —**

In this case, the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

*Fed. Civ. Jury Instr. of the 7th Cir.* 1.03 (2005)(modified).

**INSTRUCTION NO. —**

Burden of proof means burden of persuasion. A party who has the burden of proof must prove its or her claim or defense by the preponderance of the evidence. That is a party who has the burden of proof must persuade you that their claim or defense is more probably true than not true. In determining whether they have met this burden you will consider all the evidence, whether produced by the plaintiff or the defendant.

***Deffenbaugh v. Winco Fireworks International, LLC, et. al*** (Case No: 06-2516-CM) (same instruction given)

**VERDICT DIRECTOR**

  1. On plaintiff's claim of pregnancy discrimination as submitted in Instruction \_\_\_\_, we find in favor of:

_____
 (Plaintiff Mary Brown)    or    (Defendant Yellow Transportation, Inc.)

**Note:** Complete the next section only if the above finding is in favor of Plaintiff Mary Brown. If the above finding is in favor of Defendant Yellow Transportation, Inc., have your foreperson sign and date this form because you have completed your deliberations on this claim.

  2. State the amount of damages, if any, which plaintiff sustained because of such discrimination:

   Lost wages        $_____
   (through November 22, 2009)

   Lost Benefits       $_____
   (through November 22, 2009)

   Compensatory Damages   $_____
   (emotional pain and suffering,
   inconvenience, mental anguish
   or humiliation)

  3. State the amount of punitive damages under Instruction No. \_\_ , if any, which you find should be awarded on account of defendant's pregnancy discrimination:

            $_____

_____      _____
Date           Foreperson