## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MARY BROWN,**

           **Plaintiff,**

**v.**                                       **Case No. 07-2556-EFM**

**YRC INC.**

           **Defendant.**

_____

## JURY INSTRUCTIONS

INSTRUCTION NO. __1__

The time has now come for me to explain to you the law that will govern your jury deliberations.

You are duty bound to follow the law as I explain it to you in the instructions that I am about to give you. You as jurors are the sole judges of the facts. This means that you must take the law as I explain it to you and apply the law to the facts revealed by the evidence.

Do not single out any one instruction alone as stating the law. Rather, consider my instructions in their entirety.

Also, do not concern yourselves with the wisdom of the law. Despite any opinion you may have about what the law should be, you would violate your sworn duty if you were to base your verdict upon any view of the law other than that given to you in these instructions.

INSTRUCTION NO. __2__

You may consider as evidence everything that was admitted during trial such as witness testimony (in person or by deposition), an article or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation. You must entirely disregard any evidence with respect to which I sustained an objection or which I ordered stricken.

You may consider only the evidence offered in this courtroom, and these instructions I am giving you. You should not rely on any other facts or authority. Specifically, you should not do any computer research on your own about any matters relating to this case, you should not look up words in a dictionary for definitions different or beyond what I give you here, and you should not consult any other similar sources.

You are to consider only the evidence admitted in this case, but you are not limited to considering only the bald statements of witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw reasonable inferences based on your experience if reason and common sense lead you to draw particular conclusions from the evidence.

Counsel's statements and arguments are not evidence unless they are admissions or stipulations. When the attorneys for both parties agree that a particular fact exists, that is referred to as a "stipulation" and the jury must accept that stipulation as true.

3

INSTRUCTION NO.  3

At times during trial, I ruled on the attorneys' objections to admitting certain items into evidence. Questions relating to the admissibility of evidence are solely questions of law for me. You must not concern yourselves with the reasons for my rulings and do not draw any inferences from my rulings. Consider only the evidence admitted.

Some evidence is admitted for a limited purpose only. When I have instructed you that particular evidence is admitted for a limited purpose, you must consider that evidence only for that purpose and for no other.

Some of the exhibits may contain redactions. The portions of those exhibits have been redacted either because I have excluded the redacted portions from the evidence or because the parties have agreed that the redacted portions should not be admitted. You should disregard any redactions just as you would disregard any other evidence that I have excluded from the record.

INSTRUCTION NO. __4__

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

INSTRUCTION NO. __5__

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider the witness's relationship to the party; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection – like failure to recall – is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

6

INSTRUCTION NO.   6

You are to determine the weight and credit to give each witness's testimony.  You have a right to use common knowledge and experience in evaluating witnesses' testimony.

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that at some other time the witness has made an oral or written statement or testified in a deposition in a manner which is inconsistent with the witness's present testimony, if on a matter which is material to the issues.

You may consider such evidence only insofar as it may impact the witness's credibility – that is, only in deciding the weight and credit to be given to that witness's testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, you think it deserves.

7

INSTRUCTION NO. _7_

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

8

INSTRUCTION NO. __8__

This instruction sets forth Plaintiff Mary Brown's claim against Defendant Yellow Transportation, Inc. as well as defendant's denial of plaintiff's claim and certain defenses asserted by defendant. Plaintiff's claim, defendant's denial of the claim, and defendant's asserted defenses, described below, are not evidence and you should not consider them as evidence. They simply explain the nature of the parties' dispute.

Plaintiff was offered a Human Resource Specialist job by Defendant. After receiving the offer, plaintiff disclosed to defendant she was three months pregnant, and asked if taking unpaid leave in May 2007 for the birth of her child would be an inconvenience. Plaintiff claims she did not receive a response from defendant on the issue and she accepted the job before the established deadline.

Plaintiff contends that after she commenced employment on December 4,2006, defendant gave her less training that others and began documenting her file on account of that training so as to avoid a pregnancy discrimination claim. Plaintiff must prove her claims by a preponderance of the evidence.

Defendant denies plaintiff's allegations. Specifically, defendant asserts plaintiff was terminated for legitimate non-discriminatory reasons, including plaintiff's failure to engage in defendant's training process and because of plaintiff's failure to grasp the basics of the job for which she was hired.

INSTRUCTION NO. __9__

Plaintiff has the burden-of-proof on her claims.   Burden-of-proof means burden of persuasion.

Plaintiff must prove her claims by a <u>preponderance of the evidence,</u> which means she must persuade you that her claims are more probably true than not true. To prove that something is more probably true than not true does not necessarily mean by the greater number of witnesses, or the length of the presentation of testimony, but rather by the greater weight of the evidence, taken together – that is, that evidence upon any question or issue which convinces you most strongly of its truthfulness. To put it differently, if you were to put plaintiff's and defendant's evidence on opposite sides of the scales, plaintiff's evidence would have to make the scales tip somewhat on plaintiff's side.  If plaintiff fails to meet this burden, the verdict must be for the defendant.

In determining whether a party has met either burden-of-proof you will consider all the evidence, regardless of which party produced the evidence.

10

INSTRUCTION NO. __10__

A corporate party can act only through its officers and employees.  Therefore, whenever mention is made of Yellow Transportation, Inc. or YRC, Inc. doing or not doing something, then, of course, it means officers or employees of Yellow Transportation, Inc. or YRC, Inc. acting within the scope of their employment.

A corporate party is entitled to the same fair and impartial consideration as an individual under like circumstances.

INSTRUCTION NO. __11__

Your verdict must be for plaintiff and against defendant on plaintiff's pregnancy discrimination claim if all the following elements have been proved by a preponderance of the evidence ("it is more likely true than not"):

1.      Defendant terminated plaintiff;

2.      Plaintiff's pregnancy was a motivating factor in defendant's decision to terminate plaintiff.

If either of the above elements has not been proved, your verdict must be for defendant.

12

INSTRUCTION NO. ___12___

When an employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person would feel compelled to resign, such a resignation may be considered as a constructive discharge by the employer. A finding of constructive discharge may be supported by evidence that an employee has resigned, rather than wait to be fired, because of unreasonably harsh condition(s) that have been applied to her in an illegally discriminatory fashion. If you find that Plaintiff only submitted a resignation letter because she reasonably believed that she would be terminated due to illegal discrimination if she did not resign, then you may find that Plaintiff was constructively terminated by Defendant.

INSTRUCTION NO.  13

In showing that her pregnancy was a motivating factor in defendant's decision to terminate her employment, plaintiff does not need to show that it was the sole or primary motivation, but only that defendant acted at least, in part, because of plaintiff's pregnancy.

A "motivating" factor means that but for its unlawful motive, defendant would not have terminated plaintiff. In other words, you must find that plaintiff's pregnancy was at least one of the factors which motivated defendant to terminate plaintiff's employment. A motivating factor need not be the sole or exclusive reason, however, for defendant's actions.

While plaintiff must show that defendant intentionally discriminated against her, she is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts and may be inferred from showing that defendant's explanation is unworthy of belief.

If you find that defendant's stated reasons for terminating plaintiff's employment are not the true reasons why defendant terminated plaintiff's employment or that they are inconsistent, implausible or otherwise unworthy of belief, you may – but are not required to – find that the stated reasons are a pretext to hide defendant's intent to discriminate. In that event, you may conclude that plaintiff's pregnancy was a motivating factor in defendant's decision to terminate plaintiff's employment.

You must also consider any legitimate, nondiscriminatory reason or explanation stated by defendant for its decision. If you determine that defendant has stated such a reason, then you must decide in favor of defendant unless plaintiff proves by a preponderance of the evidence that

14

the stated reason was not the true reason but was only a pretext or excuse for defendant's

discriminating against plaintiff because of plaintiff's pregnancy.

INSTRUCTION NO. __14__

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful. You should be mindful that the law requires only that employers not engage in unlawful discrimination or retaliation. An employer may discipline or terminate an employee for any other nondiscriminatory reason, good or bad, fair or unfair, and you should not second guess that decision.

In determining whether defendant's stated reason for its actions was a pretext for discrimination, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant, unless you find that defendant's reason was a pretext for discrimination.

Furthermore, an employer's exercise of erroneous or even illogical business judgment does not constitute pretext. Pretext requires a showing that the tendered reasons for the employment decision is not the genuine motivating reason, but rather is a disingenuous or sham reason. A true motivating reason is not made pretextual merely because, from the benefit of hindsight, it turned out to be poor business judgment.

16

INSTRUCTION NO. __15__

An employer has the right to terminate an employee for good reasons, bad reasons or no reasons at all so long as plaintiff's pregnancy was not a motivating factor in the decision to terminate.

INSTRUCTION NO. __16__

If you find that defendant is liable for pregnancy discrimination, you will determine the amount of plaintiff's recovery. You should allow plaintiff such amount of money (such as lost wages and lost benefits) as will fairly and reasonably compensate her for any damages which were proximately caused by defendant's unlawful conduct.

You may also allow plaintiff any compensatory damages shown by the evidence, including emotional pain and suffering, inconvenience, mental anguish or humiliation which plaintiff suffered as a result of defendant's unlawful conduct. For the purpose of determining damages, inconvenience is defined as serious hardship or injustice. You may not award damages for mere vexation or annoyance. As for such items as mental anguish or humiliation, the Court cannot give you any unit value or mathematical formula. No evidence or monetary value of such intangible things as pain and suffering has been, nor needs to be, introduced as evidence.

The burden is on plaintiff to prove by a preponderance of the evidence the existence and amount of her damages and the fact that they are proximately caused by defendant's unlawful acts. You should award such sum as will fairly and adequately compensate plaintiff. The amount to be awarded rests within your sound discretion.

Any damages award you make must have a reasonable basis in the evidence. They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork. The burden is upon the plaintiff to prove the existence and amount of damages and that these damages were caused by the acts or omissions of the defendant. You are not permitted to award speculative damages.

18

You should not consider the fact that I have instructed you about the proper measure of damages as an indication of my views regarding which party is entitled to your verdict in this case. That is entirely for you, the jury, to decide. I am giving you instructions about damages solely to provide you with guidance if you should find in favor of plaintiff.

INSTRUCTION NO. __17__

If you find that plaintiff is entitled to a verdict, but do not find that she has sustained substantial actual damages, then you may return a verdict for plaintiff in some nominal sum, such as one dollar in the way of actual damages.

INSTRUCTION NO. ___18___

If you find for plaintiff on her claim, you may, but are not required to, award punitive

damages in order to punish defendant for any extraordinary misconduct.  Punitive damages are in

addition to the damages previously mentioned.  Punitive damages are not intended to compensate

a plaintiff for injuries, but rather are intended to punish a defendant and to serve as an example or

warning to a defendant and others not to engage in such conduct.

In order to award punitive damages to plaintiff, you must find by a preponderance of the

evidence that defendant acted with malice or reckless indifference to plaintiff's federally

protected right to be free from pregnancy discrimination.

"Malice" or "reckless indifference" exists if plaintiff proves an employer discriminated in

the face of a perceived risk that its actions violate federal law.

Punitive damages must bear a reasonable relationship to plaintiff's actual injury.

However, no single numerical equation easily links punitive damages to compensatory damages.

In determining a reasonable relationship to the actual injury, you must consider all the relevant

factors, including: (1) the nature of defendant's conduct under the totality of the circumstances;

(2) the frequency of the defendant's conduct (and any intentional concealment of it); (3) how

reprehensible defendant's conduct was toward plaintiff; (4) defendant's attitude and conduct

upon discovery of the misconduct; (5) what amount of punitive damages, in addition to the

compensatory damages already awarded, is needed, considering the defendant's financial

condition, to punish defendant for its wrongful conduct toward plaintiff and to deter defendant

and others from similar wrongful conduct in the future; (6) whether the amount of punitive

damages bears a reasonable relationship to the compensatory damages award.

21

Any award of punitive damages must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

You should not consider the fact that I have instructed you about the proper measure of punitive damages as an indication of my views regarding your verdict in this case. That is entirely for you, the jury to decide. I am giving you instructions about damages solely to provide you with guidance if you should find punitive damages appropriate.

INSTRUCTION NO. __19__

The Court has permitted you to take notes during this trial, if you wanted. If you did take notes, remember that any notes that you have taken are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. Your notes are not evidence.

If you did not take notes, you should not be influenced by the notes of other jurors but should rely on your independent recollection of the evidence. Even if you did take notes, you should not be unduly influenced by the notes of other jurors if they differ from yours. There can be a tendency to attach too much importance to what someone has written down, but notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony. Remember, something that may not have seemed important at the time, and thus was not written down in your notes, may take on greater importance later in the trial in light of all the evidence presented, the Court's instructions on the law, and the final arguments.

Therefore, don't attach undue importance to your notes, or be unduly influenced by another juror's notes. Your notes are not evidence, and are by no means a complete summary of the trial. They are only an aid to your memory, and it is your collective memory that is your greatest asset in deciding this case.

INSTRUCTION NO. __20__

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  Corporations are entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

24

INSTRUCTION NO. __21__

I have not intended in anything that I have said or done – not in these instructions, in any ruling, or in any action or remark I may have made during trial – to suggest how I would resolve any of the issues in this case.

You will now hear closing arguments from counsel, and following that I will have a few remaining instructions to give you concerning your deliberations.

INSTRUCTION NO. __22__

Your verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree upon the verdict and your verdict must be unanimous.

As jurors, you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after considering the evidence impartially with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced that it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges – judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

INSTRUCTION NO. 23

A suggestion by the Court – technically not an instruction upon the law – may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation – counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced. No one can ask more and you will not be satisfied to do less.

27

INSTRUCTION NO. __24__

When you retire to the jury room, you should first select one of you as the foreperson to preside over your deliberations, speak for the jury when in court, and sign the verdict.

The next thing you should do is read the Court's instructions. One of the purposes of the instructions is to guide your deliberations. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict is based, but for your verdict to be valid, you must follow the Court's instructions throughout your deliberations. Remember, you are judges of the facts, but you are bound by your oath to follow the law as stated in the instructions. Your verdict must be founded entirely upon the evidence admitted and the law that I have given to you in these instructions.

Your verdict must be unanimous. A form of verdict has been prepared for your convenience. Once you reach a unanimous verdict, the foreperson should complete the verdict form pursuant to its instructions, date and sign it, and then notify my clerk that you have reached a verdict. The foreperson will carry the completed verdict into the courtroom and, after we have returned to the courtroom, hand it to the clerk when instructed to do so.

28

INSTRUCTION NO. __25__

If it becomes necessary during your deliberations to communicate with me, please reduce your message or question to writing and give the note to my clerk, who, in turn, will pass the note along to me. The note must be signed by your foreperson or by one or more of you. I will then respond as promptly as possible, either in writing, or by having you return to the courtroom so that I can address you orally. You should never, in any written note that you might send, or in any comments, state or specify your numerical division at any time, until you have reached a unanimous verdict.

None of you should ever attempt to communicate with me about the merits of the case in any way other than by a signed writing. I will not communicate with any of you on any subject involving the merits of the case other than in writing, or orally here in open court. During your deliberations, you must also not communicate with, or provide any information to, anyone about this case by any means. Specifically, you should not discuss this case or your deliberations with anyone, nor should you use any electronic device or media – such as mobile phones, texting, instant messaging, blog, chat room, twitter, or any other means – to communicate to anyone any information about this case, until I have accepted your verdict.

_April 30, 2010_
Date

_Eric F. Melgren_
Eric F. Melgren
United States District Judge

29